## SULLIVAN v. DOLLAR S. S. LINE et al.

### LEWIN v. SAME.

(District Court, N. D. California, S. D. January 12, 1927.)

Nos. 19079, 19081.

1. **Admiralty ⬅75—Order permitting inspection in cargo damage suit at considerable time after voyage will be refused.**

In suits for cargo damage, and order permitting libelants to inspect the vessel, a considerable time after the voyage, refused.

2. **Admiralty ⬅1—Powers of admiralty court will not be extended beyond rules, unless on convincing showing of necessity.**

While the powers of a court of admiralty may not be confined within the limits of promulgated rules, they will not be extended, unless on a convincing showing of necessity.

In Admiralty. Suit by Owen Sullivan, doing business as Sullivan & Co. and by John L. Lewin, doing business as Leon Lewin, against the Dollar Steamship Line and another. On motion by libelants for order permitting them to inspect steamship Stuart Dollar. Denied.

Harold M. Sawyer and Alfred T. Cluff, both of San Francisco, Cal., for libelant.

Ira S. Lillick, of San Francisco, Cal., for respondents.

KERRIGAN, District Judge. Libels for cargo damage have been filed against the vessels Stuart Dollar and Melville Dollar. The answers filed set up the defense that the shipment moved forward under bills of lading purporting to exempt the carrier from liability from mold, sweat, and decay, and alleging that due diligence was used to make the vessels seaworthy, and that she was in fact seaworthy. Libelants now move for an order directing respondents to permit them to inspect the Stuart Dollar, for the purpose "of examining and inspecting and photographing, if deemed advisable, the cargo spaces in which the libelant's cargo, which is the subject of this litigation, was carried, and the ventilating systems used therein."

[1] The affidavits in support of this motion give as the reason for procuring an inspection that "libelant deemed it essential to be prepared to offer evidence, if relevant, as to the exact condition of the said vessel, and to be fully informed as to said condition, in order to intelligently consider any relevant evidence which might be offered by respondents in support of the allegations of said answer at the hearing of this cause." Neither the admiralty rules of the Supreme Court nor those of this district cover this specific situation.

Libelants call the attention of the court to the existence of a special rule upon this subject, admiralty rule 25, in the Southern and Eastern districts of New York, and to the allowance of inspection in certain actions at law in various federal courts. It seems clear, however, that the New York rule is an expression of conformity with section 803 of the Code of Civil Procedure of New York, which permits such inspections. Similarly, the federal cases cited are actions at law, hence cases where the practice conforms to the practice in the state courts, which is not true of cases in admiralty.

There is no statutory provision in California expressly conferring a right of inspection upon parties prior to trial. In personal injury cases the state courts have ordered physical examination of the person of the plaintiff, or inspection of the instrumentality causing the injury. These orders are based upon the inherent power of the court to compel the production of any relevant and competent testimony, conferred by Code of Civil Procedure, § 128, subd. 5, and are made "where the interest of justice imperatively demands such a course." Clark v. Tulare Lake Dredging Co., 14 Cal. App. 414, 437, 112 P. 564, 574.

[2] It is possible that the powers of a court of admiralty are not confined within the limits of the promulgated rules, but they will certainly not be extended, except upon a convincing showing of necessity. It cannot be said that the motion for inspection in the present case offers any reason for creating a new practice in the admiralty court. This is apparently an ordinary cargo damage suit. The inspection asked for would be made at a considerable time after the voyages during which the damage was said to occur, and would show nothing as to the conditions prevailing at that time. It would add nothing to the evidence from blueprints and documents already available to libelants. Libelants set forth nothing which would indicate that, in the words of the California court, "the interest of justice imperatively demands such a course." Clark v. Tulare Lake Dredging Co., supra.

Further than this, libelants' stated purpose in obtaining this inspection is to discover what evidence respondents may offer in support of the answers filed. This is matter as to which he would not be permitted to inquire by interrogatories or order for inspection of documents. Despite the disclaimer of such intention in the affidavits supporting the motion, it appears that libelants are "fishing" to discover the evidence with which re-

spondents intend to support their case, and, which is even more uncertain, some evidence which may indicate the weaknesses, if any, in respondents' case. Such "fishing bills" have never been permitted in equity. Carpenter v. Winn, 221 U. S. 533, 540, 31 S. Ct. 683, 55 L. Ed. 842. There is no reason for permitting them in analogous cases arising in admiralty.

The motions to inspect the Stuart Dollar will be denied. So ordered.